Paul R. Kiesel, Esq. (SBN 119854)
D. Bryan Garcia, Esq. (SBN 216904)
Ashley M. Conlogue, Esq. (SBN 292083)
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone:   (310) 854-4444
Facsimile:   (310) 854-0812

Dale K. Galipo, Esq. (SBN 144074)
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs Timothy Reeves Neal and Barbara Neal*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY REEVES NEAL;<br>BARBARA NEAL,<br><br>               Plaintiffs<br><br>       v.<br><br>COUNTY OF LOS ANGELES;<br>TRAVIS KELLY; CONNOR<br>HOFFMAN; IAN WALKER, and<br>DOES 1-50, inclusive,<br><br>               Defendants | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Unlawful Entry);<br>2. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Excessive Force);<br>3. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Denial of Medical Care);<br>4. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Monell - Ratification);<br>5. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Monell – Inadequate Training);<br>6. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Monell – Unconstitutional Custom or Policy);<br>7. Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Interference with Familial Relations);<br>8. Violation of California Civil Code § 52.1 (Bane Act);<br>9. Violation of California Civil Code § 52.3 (Custom and Practice);<br>10. Battery;<br>11. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

-1-

## COMPLAINT FOR DAMAGES

COME NOW TIMOTHY REEVES NEAL and BARBARA NEAL, for their complaint against Defendants COUNTY OF LOS ANGELES, TRAVIS KELLY, CONNOR HOFFMAN, IAN WALKER, and Does 1-50, inclusive, and allege as follows:

## INTRODUCTION

1.　　This civil rights and state tort action seeks compensatory and punitive damages from Defendants COUNTY OF LOS ANGELES, TRAVIS KELLY, CONNOR HOFFMAN, IAN WALKER, and Does 1-50, inclusive for violating various rights under the United States Constitution, Constitution of the State of California, and California state law in connection with the unlawful Los Angeles County Sheriff's Department officer-involved shooting of Timothy Reeves Neal on June 26, 2019.

## PARTIES

2.　　At all relevant times, TIMOTHY REEVES NEAL, ("PLAINTIFF TIMOTHY NEAL") was an individual residing in the County of Los Angeles, California.

3.　　At all relevant times, BARBARA NEAL ("PLAINTIFF BARBARA NEAL") was an individual residing in the County of Los Angeles, California. PLAINTIFF BARBARA NEAL and PLAINTIFF TIMOTHY NEAL are hereinafter sometimes collectively referred to as "PLAINTIFFS").

4.　　Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was at all relevant times mentioned herein a public entity duly organized under the laws of the State of California.

5.　　At all relevant times, Defendants IAN WALKER ("WALKER") and CONNOR HOFFMAN ("HOFFMAN") were deputies who were duly authorized employees of Defendant COUNTY, and Defendant TRAVIS KELLY ("KELLY"), was a sergeant who was a duly authorized employee of Defendant COUNTY. At all

relevant times, KELLY, WALKER, and HOFFMAN were acting under color of law within the course and scope of their employment with the COUNTY, and with the complete authority and ratification of their supervisors, DOES 21-30.

6. At all relevant times, Defendants and DOES 1-10 ("DOE OFFICERS") were officers who were duly authorized employees of Defendant COUNTY. At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their employment with the COUNTY, and with the complete authority and ratification of their supervisors, DOES 21-30.

7. At all relevant times, Defendants and DOES 11-20 ("DOE MET OFFICIALS") were persons who were duly authorized employees of Defendant COUNTY. At all relevant times, DOE MET OFFICIALS were acting under color of law within the course and scope of their employment with the COUNTY, and with the complete authority and ratification of their supervisors, DOES 31-40.

8. At all relevant times, Defendants KELLY and DOES 21-30 were the designated policymakers for the Los Angeles County Sheriff's Department ("LASD") and/or supervisors of Defendants KELLY, WALKER, HOFFMAN, and/or DOE OFFICERS. Along with other officials, at all relevant times DOES 21-30 were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the LASD, possessed the power and the authority to enact policies and to prescribe rules and practices concerning the operation of the LASD, and/or were supervisors of Defendants KELLY, WALKER, HOFFMAN, and/or DOE OFFICERS.

9. At all relevant times, Defendants DOES 31-40 were the designated policymakers for the Los Angeles Department of Mental Health ("LADMH") and/or supervisors of the DOE MET OFFICIALS. Along with other officials, at all relevant times DOES 31-40 were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the LADMH, possessed the power and the authority to enact policies and to prescribe

**COMPLAINT FOR DAMAGES**

rules and practices concerning the operation of the LADMH, and/or were supervisors of Defendant DOE MET OFFICIALS.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS, and DOE MET OFFICIALS were acting on the implied and actual permission and consent of supervisory Defendants DOES 21-40.

11. In doing the acts and failing and omitting to act as hereinafter described, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS, and DOE MET OFFICIALS were acting on the implied and actual permission and consent of Defendant COUNTY.

12. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-50, inclusive, are unknown to PLAINTIFFS, who otherwise sues these Defendants by such fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

14. All of the acts complained of herein by PLAINTIFFS against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

15. All Defendants who are natural persons, including KELLY, WALKER, HOFFMAN, and DOES 1-50, are sued individually and/or in his or her

**COMPLAINT FOR DAMAGES**

official capacity as officers, deputies, sergeants, captains, commanders, supervisors, civilian employees, agents, policy makers, and/or representatives for Defendant COUNTY.

16.     On information and belief, at all relevant times, Defendants KELLY, WALKER, HOFFMAN, and DOES 1-50 were residents of the County of Los Angeles, California.

17.     PLAINTIFFS were injured as a direct and proximate result of the actions of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS, and DOE MET OFFICIALS. Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS, and DOE MET OFFICIALS are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983.

18.     Defendant COUNTY, KELLY, and DOES 21-40 are liable for PLAINTIFFS' injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 815.4, 820, and 820.8.

19.     On January 23, 2020, PLAINTIFFS timely filed a comprehensive claim for damages with Defendant COUNTY pursuant to applicable sections of the California Government Code.  No response to the claim was received, and thus PLAINTIFFS' claim was rejected.

20.     Defendants, and each of them, did the acts and omissions hereinafter alleged willfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated well established and settled law.

## JURISDICTION AND VENUE

21.     This civil action is brought for the redress of alleged deprivations of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

**COMPLAINT FOR DAMAGES**

22.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

**FACTS COMMON TO LL CAUSES OF ACTION**

23.     PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 22 of this complaint with the same force and effect as if fully set forth herein.

24.     On the evening of June 26, 2019, PLAINTIFF TIMOTHY NEAL was at the home he shared with PLAINTIFF BARBARA NEAL, located in Malibu, California (hereinafter referred to as the "PROPERTY").

25.     At all relevant times herein, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS, along with other officials of Defendant COUNTY, arrived at the PROPERTY in response to a non-emergent call from PLAINTIFF BARBARA NEAL.

26.     On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS had been on the PROPERTY the day prior, June 25, 2019, in response to an emergency call.

27.     On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS forced entry into PLAINTIFF TIMOTHY NEAL'S bedroom, and shot him in the back when there was no lawful reason to do so.

28.     On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS integrally participated or failed to intervene in the shooting. At all relevant times, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS were acting under color of law and in the course and scope of their employment with Defendant COUNTY.

29.   On information and belief, at all relevant times, PLAINTIFF TIMOTHY NEAL posed no immediate risk of death or serious bodily injury to any person.

30.   On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS failed to formulate a safe and effective tactical plan with regard to the events surrounding the shooting of PLAINTIFF TIMOTHY NEAL.

31.   On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS also failed to appropriately consider PLAINTIFF TIMOTHY NEAL'S mental health status with regard to the events surrounding the shooting of PLAINTIFF, and specifically failed to practice de-escalation techniques, reduce environmental distractions, or otherwise communicate effectively with PLAINTIFF prior to utilizing deadly force.

32.   On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS also failed to utilize other reasonable, less-lethal options available to them prior to utilizing deadly force.

33.   On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS failed to give a warning and a reasonable opportunity to comply prior to utilizing deadly force.

34.   After being shot, PLAINTIFF TIMOTHY NEAL was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment as observed by Defendants. Although Defendants knew PLAINTIFF TIMOTHY NEAL was in dire need of medical care and treatment, Defendants did not timely summon medical care or permit medical personnel to treat PLAINTIFF TIMOTHY NEAL. Rather, Defendants pulled PLAINTIFF TIMOTHY NEAL'S arms behind his back and handcuffed him, notwithstanding that he had been shot in the scapula and spinal area. The delay of medical care to PLAINTIFF TIMOTHY NEAL caused PLAINTIFF TIMOTHY NEAL extreme physical and emotional

1  pain and suffering, and, on information and belief, caused or contributed to the

2  severity of PLAINTIFF TIMOTHY NEAL'S permanent injuries.

3      35.  On information and belief, Defendants did not immediately report the

4  use of force as they were required to do.

5      36.  PLAINTIFF TIMOTHY NEAL sustained injuries, including but not

6  limited to pain and suffering, emotional distress, medical expenses, and loss of

7  earning capacity when he was shot by Defendants. PLAINTIFF TIMOTHY NEAL

8  sustained one gunshot wound to the left scapula area. PLAINTIFF TIMOTHY

9  NEAL continues to suffer from physical and emotional pain and permanent

10 paralysis from the chest down as a direct result from the shooting.

11 **FIRST CAUSE OF ACTION**

12 **Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Unlawful Entry)**

13 (Against Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE

14 MET OFFICIALS)

15     37.  PLAINTIFFS repeat and re-allege each and every allegation in

16 paragraphs 1 through 36 of this complaint with the same force and effect as if fully

17 set forth herein.

18     38.  On the DATE OF THE INCIDENT Defendants KELLY, WALKER,

19 HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS detained and seized

20 PLAINTIFF TIMOTHY NEAL when they entered his bedroom within the

21 PROPERTY and pointed their guns at PLAINTIFF TIMOTHY NEAL. The

22 unlawful shooting of PLAINTIFF TIMOTHY NEAL also constitutes a seizure.

23     39.  When Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS

24 and/or DOE MET OFFICIALS pointed their weapons at PLAINTIFF TIMOTHY

25 NEAL, held him at gunpoint, and then shot PLAINTIFF TIMOTHY NEAL, they

26 violated PLAINTIFF TIMOTHY NEAL'S right to be secure in his person against

27 unreasonable searches and seizures as guaranteed to PLAINTIFF TIMOTHY

28

00569215-1

**COMPLAINT FOR DAMAGES**

NEAL under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. As a result of their misconduct, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS are liable for PLAINTIFF TIMOTHY NEAL'S injuries, either because they were integral participants in the wrongful unlawful entry, or because they failed to intervene to prevent these violations.

41. The actions of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS deprived PLAINTIFF TIMOTHY NEAL of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

42. The conduct of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF TIMOTHY NEAL and therefore warrants the imposition of exemplary and punitive damages as to Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS.

43. PLAINTIFF TIMOTHY NEAL brings this claim in his individual capacity, and seeks compensatory damages for his injuries, medical expenses, lost earning capacity, and the violation of his rights.

44. PLAINTIFF TIMOTHY NEAL also seeks attorney's fees under this claim.

/ / /
/ / /
/ / /
/ / /
/ / /

-9-

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Excessive Force)**

(Against Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE
MET OFFICIALS)

45.    PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 44 of this complaint with the same force and effect as if fully set forth herein.

46.    On the DATE OF THE INCIDENT, KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS shot PLAINTIFF TIMOTHY NEAL in his bedroom within the PROPERTY. The shooting was excessive and unreasonable and constitutes excessive force, especially because, on information and belief, PLAINTIFF TIMOTHY NEAL neither threatened to cause physical injury to KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, or any other person, nor posed an immediate threat of death or serious bodily injury to any person.

47.    The shooting by KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS violated their training, including training with regard to the use of deadly force, training with regard to interacting with persons suffering from mental illness or mental crisis, training with regard to tactics and training with regard to safely taking a suspect into custody, among other things.

48.    When Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS unjustly shot PLAINTIFF TIMOTHY NEAL, they violated PLAINTIFF TIMOTHY NEAL'S right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF TIMOTHY NEAL under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.    The actions of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS deprived PLAINTIFF TIMOTHY

**COMPLAINT FOR DAMAGES**

NEAL of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

50. Also as a result of the shooting, PLAINTIFF TIMOTHY NEAL endured extreme pain and suffering, disfigurement, paralysis, medical expenses, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress.

51. As a result of their misconduct, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS are liable for PLAINTIFF TIMOTHY NEAL'S injuries, either because they were integral participants in the unjustified shooting, or because they failed to intervene to prevent these violations.

52. The conduct of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF TIMOTHY NEAL and therefore warrants the imposition of exemplary and punitive damages as to Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS.

53. PLAINTIFF TIMOTHY NEAL brings this claim in his individual capacity and seeks compensatory damages for his injuries, medical expenses, lost earning capacity, and the violation of his rights.

54. PLAINTIFF TIMOTHY NEAL also seeks attorney's fees under this claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

## <u>THIRD CAUSE OF ACTION</u>

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Denial of Medical Care)**

(Against Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE
MET OFFICIALS)

55.     PLAINTIFFS repeat and re-allege each and every allegation in
paragraphs 1 through 54 of this complaint with the same force and effect as if fully
set forth herein.

56.     The unjustified use of excessive force and shooting by KELLY,
WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, and the
wrongful denial of medical care by KELLY, WALKER, HOFFMAN, DOE
OFFICERS and/or DOE MET OFFICIALS, deprived PLAINTIFF TIMOTHY
NEAL of his right to receive medical care, treatment, and monitoring while seized
or in custody as guaranteed to PLAINTIFF TIMOTHY NEAL under the Fourteenth
Amendment to the United States Constitution.

57.     The actions of Defendants KELLY, WALKER, HOFFMAN, DOE
OFFICERS and/or DOE MET OFFICIALS deprived PLAINTIFF TIMOTHY
NEAL of his right to be free from state actions that shock the conscience under the
Fourteenth Amendment's Due Process Clause.

58.     As a result of the denial of medical care following the shooting,
PLAINTIFF TIMOTHY NEAL endured extreme pain and suffering, disfigurement,
paralysis, medical expenses, lost earning capacity, humiliation, embarrassment,
mental anguish, and emotional distress.

59.     Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS
and/or DOE MET OFFICIALS knew that failure to provide timely medical
treatment to PLAINTIFF TIMOTHY NEAL could result in further significant
injury or the unnecessary and wanton infliction of pain, but disregarded that serious
medical need, causing PLAINTIFF TIMOTHY NEAL great bodily harm.

60.   As a result of their misconduct, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS are liable for PLAINTIFF TIMOTHY NEAL'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

61.   The conduct of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF TIMOTHY NEAL and therefore warrants the imposition of exemplary and punitive damages as to Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS.

62.   PLAINTIFF TIMOTHY NEAL brings this claim in his individual capacity and seeks compensatory damages for his injuries, medical expenses, lost earning capacity, and the violation of his rights.

63.   PLAINTIFF TIMOTHY NEAL also seeks attorney's fees under this claim.

## FOURTH CAUSE OF ACTION

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Monell -- Ratification)**

(Against Defendants COUNTY, KELLY, and DOES 21-50)

64.   PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.   On and for some time prior to the DATE OF THE INCIDENT, and continuing to the present date, Defendants COUNTY, KELLY, and DOES 21-50 deprived PLAINTIFF of the rights and liberties secured to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment to the United States Constitution.

66.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS' acts, which include use of excessive force against PLAINTIFF TIMOTHY NEAL, unlawful entry as against PLAINTIFF TIMOTHY NEAL, the denial of medical care as to him.

67.     On information and belief, a final policymaker has determined (or will determine) that the actions of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS were "within policy."

68.     By reason of the aforementioned acts and omission of Defendants COUNTY and DOES 21-50, PLAINTIFF TIMOTHY NEAL was caused to incur legal and medical expenses, and loss of earning capacity.

69.     Accordingly, Defendant COUNTY, KELLY, and DOES 21-50 each are liable to PLAINTIFF TIMOTHY NEAL for compensatory damages under 42 U.S.C § 1983.

70.     PLAINTIFF TIMOTHY NEAL also seeks attorney's fees under this claim.

**FIFTH CAUSE OF ACTION**

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Monell – Inadequate Training)**

(Against Defendants COUNTY, KELLY, and DOES 21-50)

71.     PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.     The acts of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS deprived PLAINTIFF TIMOTHY NEAL of his rights under the United States Constitution.

73.     The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

74.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.  Specifically, the COUNTY failed to adequately train its officers with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances and giving a warning prior to shooting.

75.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of the PLAINTIFF TIMOTHY NEAL'S rights by KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS; that is, the COUNTY'S failure to train is so closely related to the deprivation of PLAINTIFF TIMOTHY NEAL'S rights as to be the moving force that caused the ultimate injury.

76.     By reason of the aforementioned acts and omissions, PLAINTIFF TIMOTHY NEAL suffered serious bodily injury, pain and suffering and past and future emotional and mental distress, and financial loss.  Accordingly, Defendants CITY, KELLY, and DOES 21-50 each are liable to PLAINTIFF TIMOTHY NEAL for compensatory damages under 42 U.S.C. § 1983.

77.     PLAINTIFF TIMOTHY NEAL seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, decreased earning capacity, physical injuries, past and future pain and suffering, and emotional and mental distress stemming from the physical injuries.

00569215-1

-15-

**COMPLAINT FOR DAMAGES**

78.   PLAINTIFF TIMOTHY NEAL also seeks punitive damages, costs, and attorney's fees under this claim.

## SIXTH CAUSE OF ACTION

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Monell – Unconstitutional Custom or Policy)**

(Against Defendants COUNTY, KELLY, and DOES 21-50)

79.   PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.   When KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS deprived PLAINTIFF TIMOTHY NEAL of his rights under the United States Constitution, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant COUNTY.

81.   On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the shooting of Plaintiff TIMOTHY NEAL and the circumstances surrounding it.

82.   Defendants COUNTY and DOES 21-50, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Employing and retaining as officers and other personnel, including Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, who Defendants COUNTY and DOES 21-50 at all material times herein knew or reasonably should have known had dangerous propensities for abusing their authority, mistreating citizens and failing to follow

**COMPLAINT FOR DAMAGES**

00569215-1

written COUNTY policies and procedures, including the use of excessive force;

(b) Inadequately supervising, training, controlling, assigning, and disciplining LASC officers, and MET officials, and other personnel, including Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, who are agents of Defendant COUNTY;

(d) Failing to discipline COUNTY agents' conduct, including but not limited to unlawful detention and excessive use of force;

(e) Failing to provide adequate training to its deputies on how to respond to a mental health crisis;

(f) Denying citizens who have been seized, detained, and/or arrested immediate and proper medical care, and covering up said misconduct;

(g) Ratifying the intentional misconduct of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, who are agents of the COUNTY;

(h) Having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which is also demonstrated by inadequate training regarding these

**COMPLAINT FOR DAMAGES**

00569215-1

subjects. The policies, customs, and practices of Defendant COUNTY and DOES 21-50 were done with a deliberate indifference to individuals' safety and rights; and

(i)    Failing to properly investigate claims of excessive force by COUNTY agents.

83.    By reason of the aforementioned acts and omissions, PLAINTIFF TIMOTHY NEAL suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and future lost earnings.

84.    Defendants COUNTY, KELLY and DOES 21-50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

85.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant COUNTY, KELLY, and DOES 21-50 acted with intentional, reckless, and callous disregard for the life and constitutional rights of PLAINTIFF TIMOTHY NEAL. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY, KELLY, and DOES 21-50 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF TIMOTHY NEAL.

86.    The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the Los Angeles County Sheriff's Department.

**COMPLAINT FOR DAMAGES**

87.   Accordingly, Defendants COUNTY, KELLY and DOES 21-50 each are liable to PLAINTIFF TIMOTHY NEAL for compensatory damages under 42 U.S.C. § 1983.

88.   PLAINTIFF TIMOTHY NEAL seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, decreased earning capacity, physical injuries, past and future pain and suffering, and emotional and mental distress stemming from the physical injuries.

89.   PLAINTIFF TIMOTHY NEAL also seeks punitive damages, costs, and attorney's fees under this claim.

## SEVENTH CAUSE OF ACTION

**Deprivation of Civil Rights Under 42 U.S.C. § 1983 (Interference with Familial Relations)**

(By Plaintiff BARBARA NEAL against Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS)

90.   PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91.   PLAINTIFF BARBARA NEAL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property, in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference in PLAINTIFF BARBARA NEAL'S familial relationship with her son, PLAINTIFF TIMOTHY NEAL.

92.   KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS thus violated the substantive due process rights of PLAINTIFF BARBARA NEAL to be free from unwarranted interference with her familial relationship with PLAINTIFF TIMOTHY NEAL.

00569215-1

**COMPLAINT FOR DAMAGES**

93.     The aforementioned acts of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of PLAINTIFFS, and with purpose to harm unrelated to any legitimate law enforcement objective.

94.     As a direct and proximate cause of the actions of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, PLAINTIFF TIMOTHY NEAL experienced severe pain and suffering, and suffered paralysis, disfigurement, and loss of earning capacity.

95.     Also as a direct and proximate cause of the actions of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, PLAINTIFF BARBARA NEAL suffered extreme and sever mental anguish and pain and have been injured in mind and body. PLAINTIFF BARBARA NEAL has been deprived of the love, companionship, comfort, support, society, case and sustenance of PLAINTIFF TIMOTHY NEAL, and will continue to be so deprived for the remainder of her natural life.

96.     As a result of their misconduct, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS are liable for PLAINTIFF TIMOTHY NEAL'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

97.     The conduct of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF TIMOTHY NEAL and therefore warrants the imposition of exemplary and punitive damages as to Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS.

98.    PLAINTIFF BARBARA NEAL brings this claim in her individual capacity, and seeks compensatory damages for her injuries, and the violation of her rights.

99.    PLAINTIFF BARBARA NEAL also seeks attorney's fees under this claim.

### EIGHTH CAUSE OF ACTION

**Violation of Cal. Civ. Code §52.1 (Bane Act)**

(Against Defendants COUNTY, KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS)

100.  PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 99 of this complaint with the same force and effect as if fully set forth herein.

101.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

102.  As alleged above, KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS intentionally committed and attempted to commit acts of violence against PLAINTIFF TIMOTHY NEAL, including by unjustly shooting PLAINTIFF TIMOTHY NEAL at a time when PLAINTIFF TIMOTHY NEAL did not pose any immediate threat of death or serious bodily injury to any person. Furthermore, KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS coerced, intimidated, and threatened PLAINTIFF TIMOTHY NEAL, including by breaking down his bedroom door with a sledgehammer, and by using excessive and unreasonable force against PLAINTIFF TIMOTHY NEAL. This conduct was not necessary to take PLAINTIFF TIMOTHY NEAL into custody. It was also not necessary for KELLY, WALKER,

**COMPLAINT FOR DAMAGES**

HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS to shoot PLAINTIFF TIMOTHY NEAL in order to take him into custody.

103.   When Defendants shot PLAINTIFF TIMOTHY NEAL in the back, and allowed him to lie bleeding on the ground, they interfered with PLAINTIFF TIMOTHY NEAL'S constitutional rights to be free from unreasonable searches and seizures, to equal protection of the laws, to timely and adequate medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

104.   On information and belief, KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS intentionally and spitefully committed the above acts to discourage PLAINTIFF TIMOTHY NEAL from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy. KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS intentionally interfered with the above constitutional rights of PLAINTIFF TIMOTHY NEAL, which can be demonstrated by their reckless disregard for PLAINTIFF TIMOTHY NEAL'S constitutional rights.

105.   On information and belief, PLAINTIFF TIMOTHY NEAL reasonably believed and understood that the violent acts committed by KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

106.   The conduct of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS was a substantial factor in causing PLAINTIFF TIMOTHY NEAL'S harms, losses, injuries, and damages.

107.   The COUNTY is vicariously liable for the wrongful acts of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS pursuant to section 815.2(a) of the California Government Code, which provides that a public

entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

108.   Defendants KELLY and DOES 21-50 are vicariously liable under California law and the doctrine of *respondeat superior*.

109.   KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, and each of their, conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF TIMOTHY NEAL'S rights, justifying an award of exemplary and punitive damages as to KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS.

110.   As a direct and proximate result of the conduct of KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS as alleged above, PLAINTIFF TIMOTHY NEAL suffered extreme and severe mental anguish and pain and has been injured in mind and body.

111.   PLAINTIFF TIMOTHY NEAL endured extreme pain and suffering, disfigurement, paralysis, medical expenses, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress.

112.   PLAINTIFF TIMOTHY NEAL brings this claim in his individual capacity and seeks general, special and punitive damages (except as to Defendant COUNTY for punitive damages), treble compensatory damages, attorney's fees, and any other relief allowable at law or in equity.

## NINTH CAUSE OF ACTION

### Violation of California Civil Code § 52.3 (Custom and Practice)

(Against Defendants COUNTY, KELLY, and DOES 21-50)

113.   PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 112 of this complaint with the same force and effect as if fully set forth herein.

114.   California law prohibits a "governmental authority, or person acting on behalf of a governmental authority" from engaging in a "pattern or practice of

conduct by law enforcement officers that deprives any person of right, privilege, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California."

115. California law also authorized an individual whose rights have been violated to obtain equitable and declaratory relief to eliminate an unlawful pattern or practice of conduct.

116. Defendants violated PLAINTIFF TIMOTHY NEAL'S rights by inadequately supervising, training, controlling, assigning, and disciplining LASC officers, and MET officials, and other personnel, including Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and/or DOE MET OFFICIALS, which encouraged and allowed officers to violate the law, as alleged herein.

117. The COUNTY's inadequate supervision, training, control, assignment, and discipline of its officers and agents is an "unlawful pattern or practice of conduct by law enforcement officers" within the meaning of California Civil Code § 52.3.

118. Under California Civil Code §§ 52.1 and 52.3, PLAINTIFF TIMOTHY NEAL is entitled to a declaration that the COUNTY's inadequate procedures and policies are unlawful and unconstitutional, and to injunctive relief ordering Defendant COUNTY to modify its procedures to comply with the law.

**TENTH CAUSE OF ACTION**

**Battery**

(Against Defendants COUNTY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS)

119. PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 118 of this complaint with the same force and effect as if fully set forth herein.

120. Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS, while working as officers for Defendant COUNTY and acting within

-24-

**COMPLAINT FOR DAMAGES**

the course and scope of their duties, intentionally fired multiple shots at PLAINTIFF TIMOTHY NEAL. Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS had no legal justification for using force against PLAINTIFF TIMOTHY NEAL, and said Defendants' use of force while carrying out their duties was an unreasonable use of force. PLAINTIFF TIMOTHY NEAL was struck by at least one shot fired by Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS.

121. The shooting by Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS violated their training, including training with regard to the use of deadly force, training with regard to interacting with persons suffering from mental illness or mental crisis, with training with regard to tactics, and training with regard to safely taking a suspect into custody.

122. As a direct and proximate result of the conduct of Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS as alleged above, PLAINTIFF TIMOTHY NEAL suffered extreme and severe mental anguish and pain and have been injured in mind and body.  PLAINTIFF TIMOTHY NEAL endured extreme pain and suffering, disfigurement, paralysis, medical expenses, lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress.

123. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124. As a result of their misconduct, Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS are liable for PLAINTIFF TIMOTHY NEAL'S injuries, either because they were integral participants in the wrongful actions, or because they failed to intervene to prevent these violations.

**COMPLAINT FOR DAMAGES**

125.   The conduct of Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF TIMOTHY NEAL and therefore warrants the imposition of exemplary and punitive damages as to Defendants WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS.

126.   PLAINTIFF TIMOTHY NEAL brings this claim in his individual capacity and seeks compensatory damages for his injuries, medical expenses, lost earning capacity, and the violation of his rights.

## ELEVENTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against Defendants COUNTY, KELLY, WALKER, HOFFMAN, AND DOES 1-50)

127.   PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 126 of this complaint with the same force and effect as if fully set forth herein.

128.   By virtue of the foregoing, Defendants owed PLAINTIFF TIMOTHY NEAL a duty of due care, and that duty was breached by Defendants' negligence and failure to exercise due care in dealing with PLAINTIFF TIMOTHY NEAL, using physical force against him, and failing to provide him medical care and treatment.

129.   The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)    the failure of KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF TIMOTHY NEAL;

(b)    KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS negligent tactics and handling of the situation

**COMPLAINT FOR DAMAGES**

with PLAINTIFF TIMOTHY NEAL, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, by KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS against PLAINTIFF TIMOTHY NEAL;

(d) the failure of KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS to provide prompt medical care to PLAINTIFF TIMOTHY NEAL;

(e) the failure of DOES 21-50 to properly train and supervise employees, both professional and non-professional, including KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS;

(f) the failure of DOES 21-50 to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF TIMOTHY NEAL;

(g) Defendant COUNTY in the hiring, training, supervising, and retaining of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS; and

(h) the failure of KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS to follow basic police training with regard to interacting with persons suffering from mental illness or mental crisis.

130. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF TIMOTHY NEAL endured extreme pain and suffering, disfigurement, paralysis, medical expenses,

lost earning capacity, humiliation, embarrassment, mental anguish, and emotional distress.

131. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. PLAINTIFF TIMOTHY NEAL does not assert this claim directly against Defendant COUNTY.

132. As a result of their misconduct, Defendants KELLY, WALKER, HOFFMAN, DOE OFFICERS and DOE MET OFFICIALS are liable for PLAINTIFF TIMOTHY NEAL'S injuries, either because they were integral participants in the wrongful actions, or because they failed to intervene to prevent these violations.

133. The conduct of Defendants KELLY, WALKER, HOFFMAN, and DOES 1-50, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF TIMOTHY NEAL and therefore warrants the imposition of exemplary and punitive damages as to Defendants KELLY, WALKER, HOFFMAN, and DOES 1-50.

134. PLAINTIFF TIMOTHY NEAL brings this claim in his individual capacity and seeks compensatory damages for his injuries, medical expenses, lost earning capacity, and the violation of his rights.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS TIMOTHY REEVES NEAL and BARBARA NEAL request entry of judgment in their favor and against Defendants COUNTY OF LOS ANGELES, TRAVIS KELLY, CONNOR HOFFMAN, IAN WALKER, and Does 1-50, inclusive, as follows:

    A.    For compensatory damages under federal and state law, in the amount to be proven at trial;

    B.    For punitive damages against the individual defendants in an amount to be proven at trial;

    C.    For civil penalties, including treble damages according to proof;

    D.    For prejudgment interest;

    E.    For reasonable costs of this suit and attorneys' fees, as allowed by law; and

    F.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: July 15, 2020        KIESEL LAW LLP


_/s/ Paul R. Kiesel_
Paul R. Kiesel
D. Bryan Garcia
Ashley M. Conlogue
Attorneys for Plaintiffs

DATED: July 15, 2020        LAW OFFICES OF DALE K. GALIPO


_/s/ Dale K. Galipo_
Dale K. Galipo
Attorney for Plaintiffs

00569215-1

-29-

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiffs hereby demand a trial by jury as to all causes of action.

3

4     DATED:  July 15, 2020            KIESEL LAW LLP

5

6
                                       */s/ Paul R. Kiesel*
7                                      Paul R. Kiesel
                                       D. Bryan Garcia
8                                      Ashley M. Conlogue
                                       Attorneys for Plaintiffs
9

10    DATED:  July 15, 2020            LAW OFFICES OF DALE K. GALIPO

11

12
                                       */s/ Dale K. Galipo*
13                                     Dale K. Galipo
                                       Attorney for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**